UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD WYLIE,

                                Plaintiff,

v.                                               Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,

                                Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Richard Wylie is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC, (hereinafter "Mercantile") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card debt to Mercy Hospital. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That upon information and belief Defendant was employed by Mercy Hospital to collect on the subject debt.

12. That in or about April 2010, Defendant attempted contact Plaintiff by calling him at home. At the time Plaintiff was entertaining guests, his brother and sister-in-law, and was unable answer. When Plaintiff did not answer, Defendant left a message on Plaintiff's answering machine. Plaintiff's answering machine can be heard by whoever is in its general vicinity, and the subject message left by Defendant was heard by Plaintiff's brother and sister-in-law. Defendant's message disclosed to Plaintiff's brother and sister-in-law that Plaintiff owed a debt. Prior to Defendant's disclosure, Plaintiff's brother and sister-in-law were unaware that Plaintiff owed a debt. In the subject message Defendant stated:

    A. "This is Rachel Smith calling from mercantile adjustment bureau,"
    B. "Please contact me regarding a business matter,"
    C. "This communication is from a debt collector attempting to collect a debt."

13. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

14. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 13 above.

15. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(2) by disclosing to Plaintiff's brother and sister-in-law that Plaintiff owed a debt. Prior to Defendant's disclosure, Plaintiff's brother and sister-in-law were unaware that Plaintiff owed a debt.

16. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a)  Actual damages;

    (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)  For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: November 2, 2010

/s/ Seth Andrews
Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       sandrews@kennethhiller.com